## H. J. C. LINDLEY *v.* M. A. WHITTAKER, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—987.]

**Injunction to Prevent Trespass.**

> One may be enjoined from entering with his employes on the dower land of another for the purpose of taking coal from beneath the surface, and an injunction thus granted should not be dissolved without proof of the issue raised and of the right to take such coal.

### APPEAL FROM McLEAN CIRCUIT COURT.

May 10, 1883.

OPINION BY JUDGE PRYOR:

There is no proof in this case on the issue raised by the pleadings, and the dissolution of the injunction and dismissal of the petition gives to the appellees the right without limit to enter on the land of the appellant with their employés for the purpose of taking coal from under the dower land. No license is pleaded or agreement alleged under which the continued exercise of such an entry upon appellant's land is sanctioned. To what extent the use of the coal for farm purposes may be given is not presented in such a definite form as to enable this court to pass upon the question. The facts alleged authorized the injunction, and the answer of the appellees neither presents no defense to the trespass nor authorizes the chancellor to say the entry on appellant's land may be continued. This is the effect of the judgment.

Judgment reversed and cause remanded with leave to the parties to amend their pleadings, if they can do so, and if not the jurisdiction of the chancellor to prevent the continued entry on appellant's land by the appellees is, we think, unquestioned. The judgment is *reversed* and cause remanded for proceedings consistent with this opinion.

*J. C. Johnson, for appellant.*